AO 241
(Rev. 10/07)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Washington |
|---|---|
| Name (under which you were convicted): Russell Duane McNeil | Docket or Case No.: CV-13-3065-CI |
| Place of Confinement: Airway Heights Corrections Center, Airway Heights, WA | Prisoner No.: 957470 |
| Petitioner (include the name under which you were convicted) Russell Duane McNeil | v. Respondent (authorized person having custody of petitioner) Maggie Miller-Stout |
| The Attorney General of the State of Washington | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   Superior Court of the State of Washington for Yakima County

   (b) Criminal docket or case number (if you know): 88-1-00428-1

2. (a) Date of the judgment of conviction (if you know): 9/6/1989

   (b) Date of sentencing: 9/6/1989

3. Length of sentence: Life without the possibility of parole x2

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   Aggravated First Degree Murder, Accomplice to Aggravated First Degree Murder

6. (a) What was your plea? (Check one)
   ☐ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☑ (2) Guilty            ☐ (4) Insanity plea

1

AO 241 (Rev. 10/07)                                                                 Page 3

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

    (c) If you went to trial, what kind of trial did you have? (Check one)
        ☐ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
    ☐ Yes     ☐ No

8. Did you appeal from the judgment of conviction?
    ☑ Yes     ☐ No

9. If you did appeal, answer the following:
    (a) Name of court:     Washington Court of Appeals, Division III
    (b) Docket or case number (if you know):     10289-1-III
    (c) Result:     Affirmed
    (d) Date of result (if you know):     10/23/1990
    (e) Citation to the case (if you know):     59 Wn. App. 478, 798 P.2d 817 (1990)
    (f) Grounds raised:
1. Facts on the record did not support an exceptional sentence under state sentencing statute (running the sentences consecutively)
2. The second consecutive life term without parole was excessive because no person can serve more than one such term.

    (g) Did you seek further review by a higher state court?     ☐ Yes     ☑ No
        If yes, answer the following:
        (1) Name of court:
        (2) Docket or case number (if you know):
        (3) Result:

        (4) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 4

      (5) Citation to the case (if you know):

      (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)   (1) Name of court:   Washington Supreme Court

      (2) Docket or case number (if you know):   87654-1

      (3) Date of filing (if you know):   7/23/2012

      (4) Nature of the proceeding:   Personal Restraint Petition

      (5) Grounds raised:

          Automatic and mandatory sentence of life without the possibility of parole violates the 8th and 14th amendments of the United States Constitution per Miller v. Alabama because imposed for crimes committed when the petitioner was under the age of 18.

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes   ☑ No

      (7) Result:   The PRP is pending; oral argument will be scheduled for the fall of 2013.

      (8) Date of result (if you know):

3

AO 241
(Rev. 10/07)

Page 5

    (b) If you filed any second petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

        (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐   Yes    ☐  No

        (7) Result:

        (8) Date of result (if you know):

    (c) If you filed any third petition, application, or motion, give the same information:

        (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

        (4) Nature of the proceeding:

        (5) Grounds raised:

AO 241
(Rev. 10/07)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes    ☐ No

      (7) Result:

      (8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ☑ Yes    ☐ No
      (2) Second petition:  ☐ Yes    ☐ No
      (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:**
The mandatory sentence of life without the possibility of parole violated the 8th and 14th amendments of the United States Constitution because Mr. Russell was under age 18 at the time of the crimes.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Russell was 17 at the time of the two murders. He was transferred to adult court. Upon conviction the court imposed the mandatory sentence of life without the possiblity of parole. The court had no discretion to consider a lesser sentence.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Mr. Russell has filed a PRP raising Ground One in the Washington State Supreme Court. This petition is pending (No. 87654-1). Mr. Russell is filing this 2254 petition to avoid the State of Washington later arguing that he is time-barred. He also is filing in this Court a motion to "stay and abate" pending the disposition by the Washington Supreme Court.

AO 241            Page 7
(Rev. 10/07)

   (c)    **Direct Appeal of Ground One:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

        (2) If you did not raise this issue in your direct appeal, explain why:

It is not known why Mr. Russell's counsel did not raise this issue, although he did challenge the sentence as excessive. Prior to Miller v. Alabama, Washington state courts repeatedly rejected challenges to life without parole sentences imposed on juveniles -- as the state Court of Appeals did in this case.

(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

           ☑ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Personal Restraint Petition ("PRP")

Name and location of the court where the motion or petition was filed:
  Washington Supreme Court, Olympia, Washington

Docket or case number (if you know):     87654-1

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):
  The PRP is still pending in the Washington Supreme Court. Oral argument will be scheduled for the fall of 2013.

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☑ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

6

AO 241 (Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**
        (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No
        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**
        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
            ☐ Yes    ☐ No
        (2) If your answer to Question (d)(1) is "Yes," state:
        Type of motion or petition:
        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):
        Date of the court's decision:

7

AO 241 (Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

Page 10

    (b) If you did not exhaust your state remedies on Ground Three, explain why?

  (c)    **Direct Appeal of Ground Three:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

        (2) If you did not raise this issue in your direct appeal, explain why:

  (d)    **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☐ Yes    ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

        (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241
(Rev. 10/07)

Page 11

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

AO 241 (Rev. 10/07)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

11

AO 241 (Rev. 10/07)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
   No -- the ground raised has been presented to the Washington Supreme Court.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☒ Yes   ☐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

   Washington State Supreme Court, No. 87654-1, Personal Restraint Petition, challenging the automatic and mandatory sentence of life without the possibility of parole for a crime that occurred while petitioner was under age 18, in violation of the 8th and 14th amendments of the United States Constitution.

AO 241
(Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:
Christopher Tait, 102 N. 5th Ave., Yakima, WA 98902
Thomas Bothwell, P.O. Box 2730, Yakima, WA 98907

(c) At trial:

(d) At sentencing:
Same

(e) On appeal:
Paul Wasson, 2521 W. Longfellow, Spokane, WA 99205

(f) In any post-conviction proceeding:
Petitioner filed his PRP pro se, but is now represented by Lenell Nussbaum and Victoria Lyons, 2003 Western Ave., Suite 330, Seattle, WA 98121.

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

This petition is timely. Miller v. Alabama, holding that mandatory life without parole sentences imposed on people who were under the age of 18 at the time of the offense violated the 8th and 14th amendments, was issued on June 25, 2012. This petition is being filed within one year of that decision, and thus is timely under 28 U.S.C. 2244(d)(1)(C).

AO 241
(Rev. 10/07)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 10/07)

Page 16

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

This Court should vacate Mr. Russell's sentences of life without the possibility of parole and order that he be resentenced within the law.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any) WSBA No. 11140

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Mr. Russell is incarcerated and cannot sign this petition. I am his attorney and am filing this petition on his behalf. On June 25, 2013, he gave me telephonic authorization to file this petition and the motion to stay and abate.

## VERIFICATION OF COUNSEL

I, Lenell Nussbaum, hereby verify that I am the attorney for Russell Duane McNeil. I have filed the attached Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody in this case on Mr. McNeil's behalf, with his authorization and permission. I verify this petition and know that the facts set forth in the petition are true and correct, either from my personal knowledge, or upon information and belief based upon the facts brought out in the state court proceedings.

I certify or declare under penalty of perjury that the foregoing is true and correct.

6/25/2013 Seattle WA
Date and Place Signed

LENELL NUSSBAUM, WSBA No. 11140

16